UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JERMAINE COLER**                                                      **CIVIL ACTION**

**VERSUS**                                                              **NO. 14-0008-DEK**

**WARDEN CORTRELL DAVIS, ET AL.**

ORDER AND REASONS

Plaintiff, Jermaine Coler, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. He named as defendants Warden Cortrell Davis, Assistant Warden Jessica Bordelon, and the Lafourche Parish Government. In this lawsuit, plaintiff claims that he was denied medical care for a dental problem during his pretrial detention. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge,[1] and a bench trial was held on November 20, 2014.

I. The Trial

At trial, the following evidence was adduced:

Plaintiff testified that, when he was initially incarcerated at the Lafourche Parish Detention Center ("L.P.D.C.") in Thibodaux, Louisiana, in approximately February of 2013, he filed a form asking to have a tooth pulled, and a nurse examined him. However, due to overcrowding at the jail, he was transferred approximately two weeks later to the Pine Prairie Correctional Center ("P.P.C.C.") in Pine Prairie, Louisiana, before the tooth had been pulled. When he arrived at P.P.C.C., he filed a similar request; however, approximately three months later, he was transferred

---

[1] Rec. Doc. 23.

back to L.P.D.C., again before his tooth was pulled. When he arrived back at L.P.D.C., he again requested to have the tooth pulled and was told he "was on the list" but that the waiting list was long. As his criminal proceedings progressed, he bounced among L.P.D.C., P.P.C.C., and the South Louisiana Detention Center ("S.L.D.C.") in Basile, Louisiana. Eventually, he ended up at the Riverbend Detention Center ("R.D.C.") in Lake Providence, Louisiana, where he again asked to have his tooth pulled. At R.D.C., officials told him that they would not pull the tooth because it was not "in the contract," and they suggested he instead take ibuprofen. Once the ibuprofen no longer helped, he self-medicated by applying Orajel™ on tissue paper. When he was later transferred to the Avoyelles Marksville Detention Center ("A.M.D.C.") in Marksville, Louisiana, he saw a dentist who put a temporary filling in the tooth in approximately December of 2013. He was then returned to L.P.D.C. the following month, where he saw two dentists; however, because the tooth had been filled, it was not pulled at that time.

Plaintiff was subsequently convicted in his state criminal proceedings and transferred into the custody of the Louisiana Department of Public Safety and Corrections.[2] While in the Department's custody, his tooth was pulled in March of 2014 at the Caldwell Correctional Center in Grayson, Louisiana. Because that tooth had caused other teeth to "rot," he subsequently also had another tooth pulled at the Vernon Correctional Center in Leesville, Louisiana, in November of 2014.

---

[2] The adequacy of the care plaintiff received while in the Department's custody is not at issue in this lawsuit, which challenges on the adequacy of the care during his pretrial detention.

On cross-examination, plaintiff agreed that he was only physically incarcerated at L.P.D.C. for approximately two months of the foregoing detention, and his greatest amount of time at any one facility was spent at R.D.C. He stated that he was aware that Lafourche Parish had contracts for medical services for their inmates at P.P.C.C., S.L.D.C., and R.D.C. He also admitted that he never discussed his dental problem with either Warden Cortrell Davis or Assistant Warden Jessica Bordelon at L.P.D.C.

The next witness was Shelly Toups. She testified that she works as a project manager for the Lafourche Parish Government. She stated that the parish had a contract with CorrectHealth to provide medical care, including dental care, at L.P.D.C. She further noted that, when parish inmates are sent outside of the parish due to overcrowding, the receiving facilities provide the medical care, including dental care, for the inmates pursuant to memoranda of understanding between the Lafourche Parish Government and those facilities. Toups testified that, pursuant to state law, the Lafourche Parish Government, rather than the Lafourche Parish Sheriff's Office, is responsible for the medical care of parish pretrial detainees.

The third witness was L.P.D.C. Warden Cortrell Davis. He stated that he had no memory of plaintiff from the period he was incarcerated at L.P.D.C. He noted that when inmates at the jail need medical care, they complete request forms which are collected by CorrectHealth nurses. He stated that jail personnel have no responsibility for the scheduling of medical appointments; that is the sole responsibility of CorrectHealth employees. He testified that the only responsibility of jail personnel with respect to medical care is to provide transportation to appointments.

The final witness was L.P.D.C. Assistant Warden Jessica Bordelon. She likewise stated that she had no memory of plaintiff from the period he was incarcerated at L.P.D.C.

In addition to the foregoing testimony, various exhibits were admitted at trial without objection.

## II. Plaintiff's Claims

As noted, plaintiff claims that he was denied adequate dental care during his pretrial detention. Under the United States Constitution, a pretrial detainee has a right not to have his serious medical needs met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001).

In this lawsuit, it is clear that Warden Cortrell Davis and Assistant Warden Jessica Bordelon are improper defendants. Davis and Bordelon are both employed by the Lafourche Parish Sheriff's Office. However, medical care, including dental care, at L.P.D.C. is not provided or supervised by the Sheriff's Office or its employees; rather, such care is provided by CorrectHealth Lafourche, LLC, and its employees pursuant to a contract with the Lafourche Parish Government, a local governmental entity separate and distinct from the Lafourche Parish Sheriff and his office. See, e.g., Victoria W. v. Larpenter, 205 F. Supp. 2d 580, 586 n. 16 (E.D. La. 2002) ("[T]he Sheriff is an autonomous local government official separate and apart from the parish he serves."), aff'd, 369 F.3d 475 (5th Cir. 2004). Moreover, there is simply no evidence that Davis and Bordelon played any role whatsoever in denying or delaying plaintiff's dental care. Therefore, the claims against Davis and Bordelon have no basis in law or fact and must be dismissed.

It must next be noted that the responsibility of the Lafourche Parish Government for the medical care of parish detainees is strictly limited. See, e.g., Serigny v. Lafourche Parish Government *ex rel.* Randolph, 547 Fed. App'x 582, 583-84 (5th Cir. 2013). Specifically, in pertinent part, state law provides:

> A. The governing authority of each parish shall appoint annually a physician who shall attend the prisoners who are confined in parish jails whenever they are sick. ...
> B. In lieu of appointing a physician, the governing authority of any parish may enter into a contract with a health care provider, licensed or regulated by the laws of this state, to provide requisite health care services, as required in this Section. The term "health care provider" as used in this Subsection means a person, partnership, limited liability partnership, limited liability company, corporation, facility, or institution licensed or regulated by the laws of this state to provide health care services or professional services as a physician and qualified as such in accordance with R.S. 40:1299.42.
> ....
> D. The sole responsibility of the governing authority of each parish which is mandated by the provisions of this Section with respect to providing health care services for prisoners shall be the appointment of a physician and the payment of the salary of that physician or its contractual obligations with a health care provider selected in accordance with this Section. The parish and its governing authority shall not be liable for any action arising as a result of the actions or inactions of the physician or health care provider, whether ex delicto or ex quasi delicto or ex contractu, by a prisoner or his representative to recover damages or any other losses, including those for the death of the prisoner, unless the governing authority exercises gross negligence or willful misconduct in the performance of its duties and obligations imposed by this Section, and such gross negligence or willful misconduct was a substantial factor in causing the injury.

La. Rev. Stat. Ann. § 15:703.

Again, as already noted, the testimony and exhibits at trial establish that the Lafourche Parish Government in fact contracted with CorrectHealth Lafourche, LLC, to provide medical care, including dental care, to inmates incarcerated at L.P.D.C.[3] Further, with respect to Lafourche Parish

---

[3] See Exhibits LPG-1 and LPG-2.

inmates housed at P.P.C.C., S.L.D.C., R.D.C., and A.M.D.C., the Lafourche Parish Government entered into to memoranda of understanding with those facilities to provide medical care, including dental care, to such inmates.[4] In light of that evidence, as well as the lack of evidence showing that any official of the Lafourche Parish Government denied or impeded plaintiff's dental care in any way, there is simply no basis for holding the Lafourche Parish Government liable to plaintiff with respect to the denial of or delays in his dental care.

Because Warden Cortrell Davis, Assistant Warden Jessica Bordelon, and the Lafourche Parish Government were the only defendants named in this action, and because there is no basis for holding any of those defendants liable with respect to plaintiff's claims, the claims must be dismissed. This is not to say that the Court finds that plaintiff received adequate dental care. However, the Court need not reach that issue, because, *even if* plaintiff's dental care was inadequate, he has not named a proper defendant with respect to that claim.

Accordingly, **IT IS ORDERED** that plaintiff's claims against Warden Cortrell Davis, Assistant Warden Jessica Bordelon, and the Lafourche Parish Government are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this twenty-third day of March, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] See Exhibits LPG-4, LPG-5, and LPG-6.

6